UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK THOMAS,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | No. 2:19-cv-1007 CKD P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Petitioner, a state prisoner proceeding pro se, has filed a request for an extension of time to file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court is unable to grant a motion extending the statute of limitations for filing a petition for writ of habeas corpus and the motion will be denied. Furthermore, based on the motion's caption, it appears that petitioner may have intended his motion for the California Court of Appeal.

Review of the California Supreme Court's docket[1] also shows that petitioner has not initiated any cases in that court. Under the Antiterrorism and Effective Death Penalty Act of

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1

1996 ("AEDPA"), habeas petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violations without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims to the highest state court before presenting them to the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). This means that "a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate." Preiser v. Rodriguez, 411 U.S. 475, 477 (1973). Accordingly, it appears that any potential petition would be unexhausted, and the undersigned will recommend that this action be dismissed without prejudice to petitioner initiating a new action once his state court remedies have been exhausted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an extension of time (ECF No. 1) is denied.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice to petitioner initiating a new action once his state court remedies have been exhausted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 6, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:thom1007.dismiss.hc.f&r

2